UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

JERI BURKHARDT, *aka, J&J Bookkeeping*,

Plaintiff,

V.

DARYL WARFIELD,

Defendants.

Civil Action No. 5: 23-074-KKC

**MEMORANDUM OPINION AND ORDER**

*** *** *** ***

Plaintiff Jeri Burkhardt is a resident of Lexington, Kentucky. Proceeding without an attorney, Burkhardt has filed a complaint against Defendant Daryl Warfield [R. 1] and a motion for leave to proceed *in forma pauperis*. [R. 3] The information contained in Burkhardt's motion indicates that she lacks sufficient assets or income to pay the $350.00 filing fee, thus her motion will be granted. Because Burkhardt is granted pauper status in this proceeding, the $52.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

Because the Court has granted Burkhardt permission to proceed without prepayment of the filing fee, the Court must conduct a preliminary review of her complaint pursuant to 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Burkhardt's complaint is evaluated under a more lenient standard because she is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and her legal claims are liberally construed in her favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In her complaint (styled as a "Complaint & Change of Venue Since Defendant Resides in St. Louis, MO"), Burkhardt alleges that she and Warfield agreed to "an employment contract/written/implied contract," pursuant to which Burkhardt agreed to do Warfield's taxes, bookkeeping, and other paperwork. [R. 1 at p. 1-2] According to Burkhardt, Warfield has not paid her for her services rendered and currently owes her $1831.53. [*Id*. at p. 1] Her complaint alleges that this Court has jurisdiction pursuant to 42 U.S.C.§ 1981(a), stating that "[a]ll states claims for written and implied contracts and implied covenant and request for the U.S. District Court to grant jurisdiction over the state claims as well." [*Id*. at p. 1-2] As relief, Burkhardt seeks damages in the amount of $1831.53. [*Id*. at p. 4]

However, Burkhardt's complaint will be dismissed on initial screening, as it is evident that this Court does not have subject matter jurisdiction over her complaint. As a federal court, this Court has limited jurisdiction, meaning the authority to decide only certain types of cases. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S.Ct. 1673, 1676 (1994). In addition to its screening authority pursuant to § 1915, a federal court must determine if it possesses subject matter jurisdiction in each case and may raise the issue upon its own motion. *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1011 (6th Cir. 2018); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Burkhardt, as the person seeking relief from this Court, has the burden of showing "in [her] pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 391 (6th Cir. 2016) (citation omitted). *See also* Fed. R. Civ. P. 8(a)(1) (requiring a pleading stating a claim for relief to include a "short and plain statement of the grounds for the court's jurisdiction.").

The Court may exercise subject matter jurisdiction where there is complete diversity of citizenship between the parties and the plaintiff seeks damages in excess of $75,000.00. 28 U.S.C. § 1332(a). While Burhardt alleges that she is a resident of Kentucky and Warfield is a resident of Missouri, her damages request is well below the $75,000.00 threshold that is required to be met to establish diversity jurisdiction.

A district court may also exercise "federal question" jurisdiction pursuant to 28 U.S.C. § 1331. However, despite her reference to 42 U.S.C. § 1981(a), Burkhardt does not actually state a claim for relief under this statute. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*; *See also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (quoting § 1981(a)).[1] To state a claim for racial

---

[1] Section 1981(a) provides:

> **(a) Statement of equal rights**
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the

discrimination under § 1981, Burkhardt must allege that: "(1) [s]he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against [her] on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006). *See also Domino's Pizza, Inc.*, 546 U.S. at 480 ("Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship.."); *Machisa v. Columbus City Bd. of Educ.*, 563 F. App'x 458, 461 (6th Cir. 2014) ("To establish a claim for race discrimination under § 1981, a plaintiff must plead, *inter alia,* that the defendant intended to discriminate against him or her on the basis of race.").

Here, Burkhardt makes no allegation that she belongs to an identifiable class of persons who are subject to discrimination based on their race. Indeed, she does not make any allegation regarding her race at all. Even if she had made such an allegation, she also fails to allege any facts supporting an inference that Warfield's failure to pay her for her services was motivated by Warfield's intent to discriminate against her based on her race. *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008) (affirming dismissal of inmate's claim of racial discrimination because "plead[ing] a legal conclusion without surrounding facts to support the conclusion…fails to state a claim."). *See also Elliott v. Plaza Properties, Inc.*, No. 2:08CV1037, 2010 WL 2541020, at *7 (S.D. Ohio June 18, 2010) ("…conclusions [of racial discrimination] without any factual support

---

> security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C.A. § 1981(a).

are now insufficient to satisfy the pleading standards of the Federal Rules of Civil Procedure, as explained in *Twombly* and *Iqbal*.").

While the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003). Here, despite her reference to 42 U.S.C. § 1981, Burkhardt fails to allege any facts supporting such a claim. Because Burkhardt's complaint does not allege a violation of federal law, there is no federal question presented in Burkhardt's complaint as is required for this Court to exercise jurisdiction under 28 U.S.C. § 1331. Rather, Burkhardt's complaint presents a state law breach of contract claim over which this Court has no independent grounds to exercise jurisdiction.

For all of these reasons, Burkhardt's complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

Accordingly, it is hereby **ORDERED** as follows:

1. Burkhardt's motion to proceed in forma pauperis [R. 3] is **GRANTED** and payment of the filing and administrative fees is **WAIVED**;
2. Burkhardt's Complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**;
3. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and
4. A corresponding Judgment will be entered this date.

This 3rd day of May, 2023.




KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY